UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL CARR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-11974-FDS |
| RAKHI CARR, et al., | ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| DANIEL CARR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-11980-FDS |
| DEPARTMENT OF CHILDEN AND FAMILIES, NEW BEDFORD, et al., | ) ) ) | |
| Defendants. | ) ) | |

### MEMORANDUM AND ORDER

**SAYLOR, C.J.**

Plaintiff Daniel Carr, who is proceeding *pro se*, has brought two actions in this court, which have been consolidated into a single proceeding. The first is an action against the Bristol County Probate and Family Court, a family-law attorney, and his ex-wife, alleging that his constitutional rights were violated during his divorce and child-custody proceedings. The second is an action against the New Bedford and Taunton offices of the Department of Children and Families, as well as a DCF social worker. In both actions, he has filed motions for leave to proceed *in forma pauperis*.

For the reasons stated below, the Court will grant the motions to proceed *in forma pauperis*, but will dismiss both actions for failure to state a claim upon which relief can be granted and deny other pending motions as moot.

### I.     Motion for Leave to Proceed *In Forma Pauperis*

Upon review of plaintiff's motion for leave to proceed *in forma pauperis*, the Court concludes that he has adequately demonstrated his inability to prepay the filing fee. Accordingly, that motion will be granted.

### II.    Review of the Complaint

Federal law authorizes a district court to dismiss an *in forma pauperis* complaint *sua sponte* if the claims fail to state a claim on which relief can be granted or seek monetary damages against a defendant who is immune from such relief.  *See* 28 U.S.C. § 1915(e)(2)(B).  In conducting that review, the court must liberally construe a complaint from a plaintiff who is proceeding *pro se*.  *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972).

In Civil Action No. 23-11974, the complaint consists primarily of a description of events and proceedings in the Bristol County Probate and Family Court and plaintiff's unsuccessful efforts to obtain relief from the Massachusetts Appeals Court and the Supreme Judicial Court. For relief, in substance, the complaint seeks revision of a child-custody order.  *Id.* at § IV.

In Civil Action No. 23-11980, the complaint states that "specific laws [are] not cited as [plaintiff has] no phone access" and that he "will prepare an argument upon trial."  Doc. No. 1 at § II(A).  It generally refers to constitutional clauses concerning "fair and equitable treatment by government authority" as well as "laws regarding perjury, defamation, and neglect of duty."  *Id.* It states that "DCF reviewed none of [plaintiff's] evidence, verifiably lied on the investigation that [his] child was healthy and safe, and told the court that she requested more restraining orders

because [his] ex stated [that he] was 'texting too much.'" *Id.* at § III. The complaint seeks "federal review of [his] case." *Id.* at § IV.

### III. Discussion

As a general matter, federal courts do not have jurisdiction over domestic-relations cases, including matters concerning divorce and child custody. Furthermore, the power of federal courts to review or enjoin state-court proceedings is narrowly limited.

To the extent the complaints challenge final state-court judgments, the *Rooker-Feldman* doctrine deprives this court of jurisdiction to provide relief. *See Rooker v. Fid. Trust Co.*, 263 U.S. 413 (1923); *D.C. Court of Appeals v. Feldman*, 460 U.S. 462 (1983). "Under the *Rooker-Feldman* doctrine, 'lower federal courts are precluded from exercising appellate jurisdiction over final state-court judgments.'" *Tyler v. Supreme Judicial Court of Massachusetts*, 914 F.3d 47, 50 (1st Cir. 2019) (quoting *Lance v. Dennis*, 546 U.S. 459, 463 (2006)). The only federal court with authority to review the rulings of state courts is the United States Supreme Court. *Silva v. Massachusetts*, 351 Fed. Appx. 450, 454 (1st Cir. 2009) ("28 U.S.C. § 1257 vests the United States Supreme Court with exclusive 'jurisdiction over appeals from final state-court judgments.'") (quoting *Lance v. Dennis*, 546 U.S. at 463); *see also Davison v. Gov't of P.R.-P.R. Firefighters Corps.*, 471 F.3d 220, 223 (1st Cir. 2006) ("the proper forum for challenging an unlawful state court ruling is the United States Supreme Court, on appeal of the highest state court's final judgment.").

To the extent that any state-court proceeding is ongoing, this court must abstain from exercising jurisdiction under *Younger v. Harris*, 401 U.S. 37 (1971). In determining whether to abstain, a court must first determine if the parallel state-court proceeding is a qualifying type of proceeding; second, determine if there is ongoing state judicial proceeding that implicates

"important state interests and provides an adequate opportunity to raise federal defenses," and third, determine whether any of the exceptions to *Younger* abstention apply. *Sirva Relocation, LLC v. Richie*, 794 F.3d 185, 192-193 (1st Cir. 2015). *Younger* abstention is warranted where a federal court is asked to interfere with certain "civil proceedings involving certain orders . . . uniquely in furtherance of the state courts' ability to perform their judicial functions." *Sprint Commc'ns, Inc. v. Jacobs*, 134 S. Ct. 584, 591 (2013) (citations omitted). Here, the state-court proceedings fall within a class of cases for which *Younger* abstention is required, and there is no exception that would counsel otherwise.

To the extent the complaints assert federal claims against the defendants for the alleged violation of his constitutional rights, defendants are not subject to suit under 42 U.S.C. § 1983. Section 1983 establishes liability for any "person" acting under the color of state law who deprives any United States citizen of "any rights, privileges, or immunities secured by the Constitution and laws." 42 U.S.C. § 1983. Private individuals are not normally subject to suit under § 1983. *González–Maldonado v. MMM Healthcare, Inc.*, 693 F.3d 244, 247–48 (1st Cir. 2012); *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 49–50 (1999). Moreover, a state is not a 'person' under Section 1983. *Will v. Michigan Dep't of State Police*, 491 U.S. 58, 70-71 (1989). Because the Bristol County Probate and Family Court and the Department of Children and Families are arms of the state, *see, e.g., Whalen v. Massachusetts Trial Court*, 397 F.3d 19, 28-30 (1st Cir. 2005) (state trial court entitled to Eleventh Amendment immunity), they are not "persons" within the meaning of § 1983. Neither the state nor any of its agencies have waived their Eleventh Amendment immunity in this case and their immunity has not been abrogated by Congress.

Finally, to the extent that the complaint in Civil Action No. 23-11980 alleges a claim

under § 1983 against Beth Amoruso, a DCF social worker, it does not allege the elements of a federal constitutional claim. In substance, it alleges that she gave false testimony in connection with a state investigation. If a claim arises out of that set of facts, it is not one arising under the United States Constitution, and therefore cannot be asserted under § 1983.

**IV.     Conclusion**

For the foregoing reasons, it is hereby ordered:

1. The Motions for Leave to Proceed *In Forma Pauperis* is GRANTED;

2. The complaints are DISMISSED without prejudice pursuant to 28 U.S.C. §§ 1915(e)(2)(B)(ii), (iii); and

3. The remaining motions are DENIED as moot.

The clerk shall enter a separate Order of Dismissal.

**So Ordered.**

Dated:  August 31, 2023

/s/ F. Dennis Saylor IV
F. Dennis Saylor IV
Chief Judge, United States District Court