UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

|  |  |  |
|---|---|---|
| DANIEL CARR, | ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-11974-FDS |
| RAKHI CARR, et al., | ) ) ) | |
| Defendants. | ) ) | |

|  |  |  |
|---|---|---|
| DANIEL CARR, | ) ) | |
| Plaintiff, | ) ) ) | |
| v. | ) ) | Civil Action No. 23-11980-FDS |
| DEPARTMENT OF CHILDEN AND FAMILIES, NEW BEDFORD, et al., | ) ) ) | |
| Defendants. | ) ) | |

**MEMORANDUM AND ORDER**

**SAYLOR, C.J.**

On September 1, 2023, plaintiff Daniel Carr appealed the Court's August 31, 2023 Order dismissing his consolidated cases. He also filed several motions and sought leave to appeal *in forma pauperis*. Under Federal Rule of Appellate Procedure 24(a)(3), a party who proceeded *in forma pauperis* in the district court may do so on appeal without further authorization, unless "the district court certifies that the appeal is not taken in good faith or finds that the party is not otherwise entitled to proceed in forma pauperis." Fed. R. App. P. 24(a)(3)(A). For these purposes, "good faith" is measured objectively. An "applicant's good faith is established by the

presentation of any issue that is not plainly frivolous." *Ellis v. United States*, 356 U.S. 674, 674 (1958); *see In re Woods*, No. 20-1991, 2021 WL 1799849, at *1 (1st Cir. 2021) (noting that good faith is lacking if appellant has "failed to identify any non frivolous argument on appeal"). An "appeal on a matter of law is frivolous where '[none] of the legal points [are] arguable on their merits.'" *Neitzke v. Williams*, 490 U.S. 319, 325 (1989) (alterations in original) (quoting *Anders v. California*, 386 U.S. 738, 744 (1967)); *see Kersey v. Herb Chambers 1186, Inc.*, No. 18-cv-11110, 2018 WL 11191311, at *2 (D. Mass. May 31, 2018) (discussing the "good faith" standard and boiling down the issue to a question of whether the case deserves "additional judicial attention").

Here, plaintiff's appeal is not taken in good faith—not because he has a bad purpose or intent, but because his legal points are not "arguable on their merits." Accordingly, the Court certifies that his appeal is not taken in good faith. *See* Fed. R. App. P. 24(a)(3)(A).

Because the cases in the District Court have been terminated, plaintiff's remaining motions are denied. *Griggs v. Provident Consumer Discount Co.*, 459 U.S. 56, 58 (1982) ("The filing of a notice of appeal is an event of jurisdictional significance—it confers jurisdiction on the court of appeals and divests the district court of its control over those aspects of the case involved in the appeal.").

For the foregoing reasons,

1. Plaintiff's Motion for Leave to Appeal *In Forma Pauperis* is DENIED;
2. Plaintiff's Emergency Motion is DENIED;
3. Plaintiff's Motion for Access to 401k is DENIED; and
4. Plaintiff's Motion for Order is DENIED.

This ruling does not prevent plaintiff from seeking permission from the First Circuit to

proceed *in forma pauperis* on appeal pursuant to Federal Rule of Appellate Procedure 24(a)(5).

The clerk shall transmit a copy of this Order to the First Circuit. *See* Fed. R. App. P. 24(a)(4).

**So Ordered.**

|  |  |
|---|---|
| Dated:  September 6, 2023 | /s/ F. Dennis Saylor IV<br>F. Dennis Saylor IV<br>Chief Judge, United States District Court |